UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VONDALE LAMAR BRACEY,

          Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No.  5:06-cv-255-Oc-10GRJ

MARION COUNTY JAIL,

          Defendants.

_____

### ORDER OF DISMISSAL

      Plaintiff, Vondale Lamar Bracey, a pretrial detainee at the Marion County Jail, initiated this action by filing a *pro se* Civil Rights Complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2).  Upon due consideration, Plaintiff's Motion To Proceed as a pauper is **GRANTED** to the extent that the case may be filed without the prepayment of the entire filing fee.  Based on the certificate submitted by Plaintiff's custodian, Plaintiff has a negative balance of -$817.00 in his account. Accordingly, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A).  However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

      As funds become available in Plaintiff's jail account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this

dockets.Justia.com

Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (# A0011537); and, (3) Middle District of Florida Case Number (5:06-cv-255-Oc-10GRJ). Checks or money orders which do not have this information will be subject to return.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency having custody over him lapses in its duty to make payments on his behalf. Thus, in case of transfer, Plaintiff should ensure that any new institution is advised of Plaintiff's payment obligations. Plaintiff should retain a copy of this Order for that purpose.

### Review of *In Forma Pauperis* Cases

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[1] or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

---

[1] 28 U.S.C. § 1915(e)(2)(A).

immune from such relief.[2]  The Court must liberally construe a *pro se* Plaintiff's allegations.[3]

"A claim is frivolous if it is without arguable merit either in law or fact."[4]  A Complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.[5]  Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless,"[6] or when the claims rely on factual allegations which are "clearly baseless."[7]  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.[8]

In this case, Plaintiff's "Statement of Claim" is incomprehensible and does not describe any jail condition or event for which this Court could grant any relief. Plaintiff refers to "objects around the Marion County Jail" and makes a vague and nonsensical reference to the mafia.  Doc. 1 at 8.  Under "Statement of Facts," Plaintiff states that pursuant to a letter from the U.S. Court of Appeals for the

---

[2] See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

[4] Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hospital, 898 F.2d 126,129 (11th Cir. 1990)).

[5] Neitzke v. Williams, 490 U.S. 319, 328 (1989).

[6] Id. at 327.

[7] Denton v. Hernandez, 504 U.S. 25, 32 (1992).

[8] Bilal, 251 F.3d at 1349.

Eleventh Circuit, "my claim can't be penalized for not stating a fact." Id. Plaintiff's meaning is unclear. In any event, he has failed to set forth any facts in support of his "Statement of Claim." See id.[9]

Accordingly, the Complaint is hereby **DISMISSED as frivolous** pursuant to 28 U.S.C. § 1915(e)(2). The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.[10]

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 2nd day of August 2006.

UNITED STATES DISTRICT JUDGE

c: Vondale Lamar Bracey

---

[9] Plaintiff also concedes that he failed to exhaust his claims through the jail grievance process. This Court may dismiss a clearly frivolous prisoner complaint notwithstanding the failure to exhaust. See 42 U.S.C. § 1997e.

[10] The dismissal of this case as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff previously received two strikes when this Court dismissed Bracey v. Barnes, 5:05-cv-510, for failure to state a claim and the Court of Appeals dismissed Plaintiff's appeal as frivolous. Further, the Court has on this date dismissed as frivolous two other cases filed by Plaintiff: Bracey v. Ocala Police Department, 5:06-cv-250, and Bracey v. Marion County Judicial Center, 5:06-cv-254. Accordingly, Plaintiff has now accumulated more than three strikes and he may not bring a civil action *in forma pauperis* while he is incarcerated unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).